UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL J. HOLMES, | ) | Case No. CV 18-04435 DDP (JCx) |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | ) | |
| KADING BRIGGS, LLP, | ) | |
| | ) | [Dkt. 11] |
| Defendants. | ) | |

Presently before the court is Defendant Kading Briggs, LLP's Motion to Dismiss. Having considered the submissions of the parties, the court GRANTS the motion and adopts the following Order.[1]

**I.  Discussion**

Plaintiff's Complaint alleges that in a pending lawsuit against Defendants' clients in Los Angeles Superior Court, Defendants "have continuously provided the Plaintiff objections to the Plaintiffs [sic] discovery request that were not responses given by their client." The Complaint also alleges that Defendants refused to accede to Plaintiff's requests for a change in certain

---

[1] The delay in the filing of this Order resulted from an oversight by the court. But see C.D. Cal. L.R. 83-9.2.

deposition dates.[2]  The Civil Cover Sheet, filed alongside Plaintiff's Complaint, indicates a cause of action under 42 C.F.R. § 93.103, related to Defendants' alleged filing of fabricated documents in state court.  (Dkt. 1-2 at 1.)

Defendant now moves to dismiss this case for lack of jurisdiction.  A motion under Rule 12(b)(1) may challenge the court's jurisdiction facially, based on the legal sufficiency of the claim, or factually, based on the legal sufficiency of the jurisdictional facts.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)(citing 2 James Wm. Moore et al., Moore's Federal Practice 12.30[4], at 12-38 to 12-41 (3d ed.1999)).  Where the motion attacks the complaint on its face, the court considers the complaint's allegations to be true, and draws all reasonable inferences in the plaintiff's favor.  Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009). In a factual challenge, the court is not required to accept the allegations of the complaint as true and may consider additional evidence outside of the pleadings.  Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011).  Once the moving party has presented evidence showing a lack of subject-matter jurisdiction, the burden shifts to "the party opposing the motion [to] furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  If the plaintiff cannot meet its burden of establishing the jurisdiction it seeks to invoke, the court must dismiss the case under Rule 12(b)(1).

---

[2] The Complaint spans five sentences in its entirety.

2

Plaintiff's Complaint contains no allegations or statements pertaining to this Court's jurisdiction. Even considering the information contained in Plaintiff's Civil Cover Sheet, it appears that this court lacks subject matter jurisdiction. District courts have diversity jurisdiction over all civil suits where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs" and there exists complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a); Caterpillar Inc., v. Lewis, 519 U.S. 61, 68 (1996). Complete diversity exists where the parties are citizens of different states. 28 U.S.C. § 1332(a). Here, although Plaintiff's cover sheet does suggest that the amount in controversy requirement may be met, there is no indication that Plaintiff seeks to invoke this Court's diversity jurisdiction, and no information regarding the citizenship of either party. Rather, Plaintiff indicates that both he and Defendant are residents of Los Angeles County. Nor does it appear that Plaintiff could amend his complaint to properly allege complete diversity. Plaintiff concedes in his Opposition that he is a citizen of California, and Defendant has established that it, too, is a California citizen. (Declaration of Glenn Briggs, ¶ 2.) This Court, therefore, cannot exercise diversity jurisdiction over this matter.

This Court also has jurisdiction to consider "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, however, a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank,

556 U.S. 49, 60 (2009) (internal quotation marks, alteration, and citation omitted).  Although Plaintiff's Complaint makes no reference to any federal law, the civil cover sheet does invoke 42 C.F.R. § 93.103.  That regulation, however, simply defines "research misconduct" for purposes of policy statements pertaining to the Public Health Service, a part of the Department of Health and Human Services.  Neither Plaintiff's Complaint nor his Opposition to the instant motion provide any explanation how that federal regulation is any way pertinent to Plaintiff's allegations about Defendant's discovery conduct in state court.  Because there is no federal question at issue in this case, this court lacks subject matter jurisdiction.

**II. Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

Dated: May 11, 2021

DEAN D. PREGERSON
United States District Judge

4